IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:97cr22-9

| | |
|---|---|
| IVEY WALKER, )<br>)<br>Petitioner, )<br>)<br>Vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | ORDER |

**THIS MATTER** is before the court on petitioner's "Motion in Response to the Government's Show Cause Motion to Petitioner's § 3582(c)(2) Request for Reduction in Sentence" (#567). On June 27, 2012, this court denied petitioner's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) (#559), explaining that "[t]he application of Amendment 750 provides no change in the guideline range in this case since application of the provisions in Amendment 706." Order (#564). Although Amendment 750 reduced the offense level by one, the guideline range remained the same as the amended range which followed application of Amendment 706.

In the present motion, petitioner appears to attack the constitutionality of Amendment 750, an issue which was not raised in his Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) (#559). Even if he had raised that issue, constitutional issues cannot be presented or addressed in a § 3582(c)(2) motion. United States v. Martin, 367 F. App'x 584, 585 (6th Cir.2010); United States v. Bravo, 203 F.3d 778 (11th Cir. 2000). Simply put, a constitutional or other challenge cannot be considered "[b]ecause § 3582(c)(2) proceedings give judges no more than . . . circumscribed discretion . . . ." Dillon v. United States, ___ U.S. ___, 130 S.Ct. 2683, 2692 (2010).

**ORDER**

**IT IS, THEREFORE, ORDERED** that petitioner's "Motion in Response to the Government's Show Cause Motion to Petitioner's § 3582(c)(2) Request for Reduction in Sentence" (#567) is **DENIED** as non-justiciable.

Signed: July 5, 2012

Max O. Cogburn Jr.
United States District Judge